IN THE UNITED STATES DISTRICT COURT FOR THE **FILED**
EASTERN DISTRICT OF OKLAHOMA

JAN 1 1 2007
WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By:_____
Deputy Clerk

MARCELLA Y. ROBERTS, )
)
           Plaintiff, )
)
v. ) Case No. CIV-06-050-KEW
)
JO ANNE B. BARNHART, )
Commissioner of Social )
Security Administration, )
)
           Defendant. )

## OPINION AND ORDER

Plaintiff Marcella Y. Roberts (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do

his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

## Claimant's Background

Claimant was born on October 19, 1952 and was 50 years old at the time of the expiration of her insured status on December 31, 2002. She completed her education through the 12th grade. Claimant has worked in the past as a material handler. Claimant alleges an inability to work beginning July 9, 1995, due to pain and loss of motion in her neck and right arm.

## Procedural History

On December 30, 1996, Claimant filed for Disability Insurance Benefits under Title II of the Social Security Act (42 U.S.C. § 401 et seq.). Claimant's application for benefits was denied initially and upon reconsideration. A hearing before ALJ C. Wayne

Faulkenstein was held on September 21, 1998 in Ardmore, Oklahoma. By decision dated February 26, 1999, the ALJ found that Claimant was not disabled at any time through the date of the decision. On July 9, 2001, the Appeals Council vacated the ALJ's decision and remanded the case for further hearing. On July 23, 2002, a supplemental hearing was conducted before ALJ Mell J. Lacy, Jr. On October 25, 2002, the ALJ issued a decision unfavorable to Claimant. On January 23, 2003, the Appeals Council denied Claimant's request for review. On November 25, 2003, this Court reversed and remanded the case for further consideration. On remand, a third hearing was conducted before ALJ Jodi B. Levine on March 14, 2005 in Ardmore, Oklahoma. On October 5, 2005, the ALJ issued an unfavorable decision. Claimant declined to proceed through the Appeals Council. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant's medical conditions were severe, they did not meet a Listing and Claimant retained a residual functional capacity ("RFC") to allow her to perform light work. The ALJ also found Claimant's statements regarding her impairments and the impact that they have upon her ability to work were not credible in light of the medical evidence in the record.

4

**Review**

Claimant asserts the ALJ committed error requiring reversal in (1) questioning Claimant's credibility when said finding is contradicted by the opinion of Dr. Udonta and the previous holding of this Court; and (2) failing to discuss probative evidence which contradicted the ALJ's findings.

**Credibility Analysis**

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or

sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3. An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give reasons for the determination based upon specific evidence. Kepler, 68 F.3d at 391.

At the heart of Claimant's arguments on the deficiencies of the ALJ's credibility evaluation is the assertion that the ALJ simply ignored this Court's prior instructive order on remand. In the November 25, 2003 Order, this Court reversed and remanded this case based, in part, on the ALJ's unsupported credibility findings. Specifically, this Court determined

> On October 1, 1998, Dr. E. Dan Udonta evaluated Claimant for complaints associated with bilateral upper extremity pain and numbness. Electrodiagnostic studies were abnormal with the needle examination revealing changes consistent with chronic denervation of the cervical paraspinal muscles. . . . These findings are clearly inconsistent with the ALJ's credibility analysis that there was no indication of any neurological deficits in the upper extremity. Therefore, this court determines his credibility analysis is not supported by substantial evidence.

(Tr. 504).

In the latest decision, the ALJ recognized Dr. Udonta's examination and findings but "assumed" Dr. Udonta would have changed his opinion after reading the findings of Dr. Anthony Billings, to whom Claimant was referred by Dr. Udonta. Dr.

6

Billings determined Claimant's "[m]otor strength was globally weak in her right arm when compared to her left but there was no specific myotomes affected." He also recommended, contrary to Dr. Udonta's initial assessment, that surgery was not advisable at this time "until the neurological deficit becomes more manifest at which point, she should be operated at the C4-5- level." (Tr. 379). Contrary to the ALJ's finding that "Dr. Billings found no specific right upper extremity deficit," no such finding appears on the face of Dr. Billings' report to Dr. Udonta. (Tr. 484). As the ALJ concluded in the October 25, 2002 opinion, the same was concluded in the latest opinion: "Postoperatively, there is no indication of any neurological deficits in the right upper extremity." Again, Dr. Udonta's report contradicts this finding as it did in the previous opinion. While the ALJ engages in a more extensive rejection of Dr. Udonta's opinion, the effect on Claimant's credibility and the accompanying analysis required by Kepler is lacking in the ALJ's decision. Accordingly, this Court will once again remand the matter for a more extensive analysis and express written findings on the factors to be evaluated on the issue of Claimant's credibility required by the prevailing Tenth Circuit case authority.

### Evaluation of Probative Evidence

Claimant also asserts the ALJ failed to properly consider evidence which allegedly would have contradicted his ultimate

7

findings. Claimant first contends this Court remanded this case for consideration of the EMG report, which the prior ALJ evaluating this case failed to do. Although the ALJ discussed the report, Claimant contends the ALJ failed to give it any significance. However, the ALJ discussed Dr. Udonta's report and rejected it based upon the allegedly inconsistent findings of other examining doctors. (Tr. 484). This Court cannot conclude the ALJ ignored this evidence given his findings. This finding does not alter the fact the ALJ failed to discuss the effect of this rejection upon Claimant's credibility as this Court has previously found.

Claimant also suggests the ALJ demonstrated a predisposition to making the same findings as the prior ALJ in ultimately determining Claimant retained an RFC sufficient to engage in light work. The ALJ did reference a significant number of the same hypotheticals in questioning the VE in this case as were used by the prior ALJ. Such a practice lends itself to the allegation made by Claimant. On remand, it is suggested the ALJ formulate any questions to the VE in an original manner without reference to the prior proceedings. Further, Claimant contends the ALJ left some of the hypotheticals open-ended, allowing the VE to decide the restrictions to be proposed. The ALJ should propose the restrictions based upon the allegations and evidence in the record and not in a vague manner, allowing the defining of terms by the VE.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

DATED this 11 day of January, 2007.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE